## THAMES & MERSEY MARINE INS. CO., Limited, v. UNITED STATES.

### (District Court, S. D. New York.    July 16, 1914.)

COMMERCE (§ 77*)—TAX ON EXPORTS—WAR REVENUE ACT—STAMP TAXES—INSURANCE POLICIES—"EXPORT."

Where a general marine policy is issued covering successive shipments, the assured submitting to the underwriter a declaration showing the cargo and its value when on board, on which the underwriter issues a certificate to cover, which the assured sends to the consignee abroad with the other papers, such insurance and custom of business does not constitute "exports," or a necessary incident to the business of exporting, within Const. art. 1, § 9, providing that no tax or duty shall be laid on articles exported from any state, etc., so as to exempt the insurance from taxation under War Revenue Act June 13, 1898, c. 448, § 25, Schedule A, 30 Stat. 461, providing a tax on policies of insurance.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 61–70; Dec. Dig. § 77.*

For other definitions, see Words and Phrases, First and Second Series, Export.]

At Law. Action by the Thames & Mersey Marine Insurance Company, Limited, against the United States. On demurrer to amended petition. Sustained.

See, also, 217 Fed. 680, 683.

Haight, Sandford & Smith, of New York City, for plaintiff.
H. Snowden Marshall, U. S. Atty., of New York City.

HAND, District Judge. The petitioner has now amended so as to show the following facts: A general marine policy is issued, covering successive shipments. When a cargo is aboard, the assured goes to the underwriter with a "declaration," so called, which shows the cargo and its value which is to be covered on the intended voyage. Upon delivery of this the underwriter issues a certificate to cover, and the assured sends this along with the bill of lading, draft, etc., to the foreign country.

The contention, as I understand it, is that insurance upon goods actually in transit is different from insurance upon goods intended for transit, because a tax upon the first class of goods is within the prohibition, while a tax upon the second is not. I intended no such distinction, and did not before presuppose that the goods insured had not started upon their transit. Indeed, that question was not raised, as I recall, in the first case. Whether it was or not, the point of the decision in my judgment is, not that the contract of insurance does not

touch exports, but that it is not a part of their exportation; that is to say, its performance does not involve any part of the transit, nor does. it, like a manifest, record the transit. It may be that, if the goods insured are not yet exports, there is a double reason; but the second reason was not what I had in mind.

I said in the other opinion that none of the insurance cases concerned only insurance on goods in transit. In this I was wrong. Hooper v. California, 155 U. S. 648, 15 Sup. Ct. 207, 39 L. Ed. 297, dealt with a tax upon the business of marine insurance in San Francisco. Some of the marine insurance written in that city is, I suppose, upon coastwise trade to Eureka on the north and Santa Cruz and San Diego on the south; but the immense mass of it must be either to foreign ports or to Oregon and Washington. In any event, no such distinction was taken; but the case went squarely upon the theory that taking insurance upon foreign or interstate trade was not itself foreign or interstate business.

The prohibition against taxing exports has been treated as analogous to the prohibition on the states against regulating interstate trade. It is not, perhaps, necessary to say whether the cases are precisely the same. It is enough that the reasoning in Hooper v. California, supra,. presupposes, without expressly deciding, that it is the same, and that if the business was interstate the tax was void. Certainly at that time that was the accepted doctrine.

I need not consider whether there is to-day a zone in which the states may act till Congress intervene, and whether a state might not tax a business which Congress could regulate. Hooper v. California, supra, seems to me directly to support the defendant.